Dear Executive Director Cathy Kirkpatrick,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Other than a pharmacist, who is authorized to fill anddispense a prescription for a veterinary prescription drug, andwho is responsible for the proper labeling of such drug?
 2. With regard to veterinary prescription drugs, what is a"drug order" or "written order"?
 3. Other than a licensed retail pharmacy or a veterinarian,who is authorized to sell a veterinary prescription drug directlyto the public?
 4. May a veterinarian who: i. acts as a consultant or anemployee of a wholesaler; and ii. receives direct or indirectcompensation from that wholesaler, have the authority to writeprescriptions for drugs which are sold by the wholesaler?
 Introduction
¶ 1 Your questions relate to dispensing veterinary prescription drugs. In general, the State law which governs dispensing drugs, whether human or animal, is the Oklahoma Pharmacy Act (59 O.S.1991 Supp. 2000, §§ 353 — 366). The purpose of the Oklahoma Pharmacy Act ("Pharmacy Act") is to:
 [P]romote, preserve and protect the public health, safety and welfare by and through the effective control and regulation of the practice of pharmacy and of the registration of drug outlets engaged in the manufacture, production, sale and distribution of dangerous drugs, medication, devices and such other materials as may be used in the diagnosis and treatment of injury, illness and disease.
59 O.S. Supp. 2000, § 353[59-353](B).
¶ 2 Also impacting the analysis of your questions is the Oklahoma Veterinary Practice Act (59 O.S. 1991 Supp. 2000, §§698.1 — 698.28) and the Uniform Controlled Dangerous Substances Act (63 O.S. 1991 Supp. 2000, §§ 2-101 — 2-608). Only by examining the provisions of all three Acts can your questions be answered.
 I. Who Is Authorized To Fill A Prescription?
¶ 3 You first ask who, besides a pharmacist, is authorized to fill a prescription for a veterinary prescription drug. To answer this question, definitions found in both the Pharmacy Act and the Oklahoma Veterinary Practice Act ("Veterinary Practice Act") must be examined.
¶ 4 The Pharmacy Act refers to the practice of veterinary medicine in its definitions of "prescription," "dangerous drug,""legend drug" or "prescription drug." In fact, the Pharmacy Act has two definitions of "dangerous drug" and both refer to veterinary medicine. The term "prescription" is defined as:
 [A]ny order for drug or medical supplies written or signed, or transmitted by word of mouth, telephone or other means of communication by a licensed practitioner of . . . veterinary medicine, licensed by law to prescribe such drugs and medical supplies intended to be filled, compounded, or dispensed by a pharmacist[.]
59 O.S. Supp. 2000, § 353.1[59-353.1](7) (emphasis added). The Pharmacy Act defines "dangerous drug," "legend drug," or "prescriptiondrug" as meaning:
 [A] drug which, under federal law, is required, prior to being dispensed or delivered, to be labeled with either of the following statements: (i) "Caution: Federal law prohibits dispensing without prescription", or (ii) "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian", or a drug which is required by any applicable federal or state law or regulation to be dispensed on prescription only or is restricted to use by practitioners only[.]
Id. § 353.1(16) (emphasis added).
¶ 5 As a second definition, the Pharmacy Act again defines the term "dangerous drug" at Section 355(1) as:
 [A]ny drug intended for use by humans which, because of its toxicity or other potential for harmful effects, or the method of its use, or the collateral measures necessary for its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drugs. This shall include all drugs upon which the manufacturer or distributor has, in compliance with federal law and regulations, placed the following: "Caution — Federal Law prohibits dispensing without prescription"[.][1]
Id.
¶ 6 Section 355 of the Pharmacy Act goes on to include in its definition of "licensed practitioner" a veterinarian "licensed to practice and authorized to prescribe medication within the scope of [his/her] practice." Id. § 355(2).
¶ 7 A "veterinary prescription drug" is defined by the Veterinary Practice Act as:
 [S]uch prescription items as are in the possession of a person regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs and the federal Food and Drug Administration-approved human
drugs for animals which because of their toxicity or other potential for harmful effects, or method of use, or the collateral measures necessary for use, are labeled by the manufacturer or distributor in compliance with federal law and regulations to be sold only to or on the prescription order or under the supervision of a licensed veterinarian for use in the course of professional practice. Veterinary prescription drugs shall not include over-the-counter products for which adequate directions for lay use can be written.
Id. § 698.2(12) (emphasis added).
¶ 8 This definition of "veterinary prescription drug" is solely descriptive and does not address who is authorized to dispense these drugs. First, the definition describes those "prescription items as are in the possession of a person regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs." Id. Second, the definition describes those "federal Food and Drug Administration-approved human drugs for animals which . . . are labeled by the manufacturer or distributor . . . to be sold only to or on the prescription order or under the supervision of a licensed veterinarian."Id.[2]
¶ 9 The second portion of Oklahoma's definition of "veterinary prescription drug" describes those drugs which, pursuant to federal law, are labeled in a particular fashion. Such definition does not authorize the manner in which veterinary prescription drugs may be dispensed. Rather, the manner of distributing drugs fall primarily within the authority of the Pharmacy Act. Id. § 353(B).
¶ 10 By reading the Pharmacy Act definitions above, we see that the term "dangerous drug" includes certain veterinary prescription drugs. Id. § 353.1(16). The Pharmacy Act further provides that only a "licensed practitioner" may dispense dangerous drugs to his/her patient. Id. § 355.1(A). A "licensed practitioner" includes veterinarians. Id. § 355(2). The Uniform Controlled Dangerous Substances Act also authorizes a veterinarian to prescribe and dispense controlled dangerous substances. 63 O.S. Supp. 2000, § 2-312[63-2-312](B).
¶ 11 Accordingly, in answer to your first question, besides a pharmacist, only a licensed veterinarian is authorized to prescribe or dispense veterinary prescription drugs which fall within the Pharmacy Act's definitions of "dangerous drug,""legend drug," or "prescription drug." In other words, only a pharmacist or veterinarian may dispense a veterinary drug that is required to be labeled: "Caution: Federal law prohibits dispensing without prescription" or "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian." 59 O.S. Supp. 2000, § 353.1[59-353.1](16). Further, if a veterinarian dispenses such prescription drugs, the veterinarian must keep proper dispensing records and label the drugs in accordance with state and federal law. See OAC 775:25-1-2(a), (h); 775:25-1-3(a) (2000).
 II. What Is A "Drug Order" Or "Written Order" For A Veterinary Prescription Drug?
¶ 12 Your second question asks for a definition of a "drug order" or "written order" for a veterinary prescription drug. The terms "drug order" and "written order" are not defined by the Pharmacy Act, the Veterinary Practice Act, or the Uniform Controlled Dangerous Substances Act. Within the Pharmacy Act, however, the term "order" is used in the definition of "prescription" which is defined as "any order for drug . . . written or signed, or transmitted by word of mouth, telephone or other means of communication by a licensed practitioner of . . .veterinary medicine, . . . intended to be filled, compounded, or dispensed by a pharmacist[.]" 59 O.S. Supp. 2000, § 353.1[59-353.1](7) (emphasis added).
¶ 13 The term "order" is also found within the definition of"dangerous drug," "legend drug," or "prescription drug." The Pharmacy Act states that these terms mean a drug which is required to be "labeled . . . (ii) `Caution: Federal law restricts this drug to use by or on the order of a licensedveterinarian.'" Id. § 353.1(16) (emphasis added).
¶ 14 These statutory definitions indicate the terms " drugorder" and "prescription" are virtually interchangeable. A prescription is an order for dangerous drugs and an order for dangerous drugs is a prescription. Most simply put, both a "drug order" and a "prescription" are instructions to a person authorized to dispense a dangerous drug.
¶ 15 Likewise, while the Veterinary Practice Act does not define "drug order," the term "veterinary prescription drugs" indicates the term is nearly synonymous with the word "prescription." "Veterinary prescription drugs" are those "prescription items . . . to be sold only to or on theprescription order or under the supervision of a licensed veterinarian." Id. § 698.2(12) (emphasis added).
¶ 16 Similarly, the U.S. Department of Health and Human Services, Food and Drug Administration ("FDA") has interpreted the words "prescription" and "order" to be directions or instructions to a dispenser of veterinary prescription drugs because in certain states — not Oklahoma — persons other than pharmacists are authorized to dispense veterinary prescription drugs. The term "prescription or other order" is used in21 C.F.R. § 201.105(a)(1) (i) "so as not to interfere with the practice, legal in several states, for food stores, animal health stores, and other outlets who do not employ pharmacists to sell restricted drugs on veterinarians' orders." United States v.Colahan, 811 F.2d 287, 294 (6th Cir. 1987). The Sixth Circuit went on to explain that "the difference between prescription and order was intended to accommodate the difference between pharmacist and nonpharmacist vendors and not to indicate a relaxation in the manner in which the veterinarian's order could be communicated." Id. Thus, whether the term "prescription" or "order" is used, the instructions and intent are the same and the dispenser may not dispense with a veterinarian's explicit authorization.
¶ 17 The Colahan case also stated:
 A requirement that unsafe animal drugs be sold only on the direct order of a veterinarian in order to insure that the veterinarian actually supervises their use does not significantly contribute to the problems defendants predict but does protect the farmers, the animals, and the public that consumes the food products of the livestock against potential harm from improper use or sale of these unsafe drugs.
Id.
¶ 18 As there is no Oklahoma statutory authority allowing any person, other than a pharmacist or veterinarian, to dispense veterinary prescription drugs, only a veterinarian or a pharmacist may fill and dispense a prescription or order for a veterinary prescription drug.
¶ 19 Accordingly, in answer to your second question, a " drugorder" or "written order" for a dangerous drug is a prescription for a dangerous drug. Further, as discussed in answer to your first question, only a licensed veterinarian or pharmacist may fill and dispense a prescription for a veterinary prescription drug which falls within the Pharmacy Act's definitions of "dangerous drug," legend drug" or "prescriptiondrug" and the person who fills a prescription is responsible for the proper labeling of the drug.
 III. May A Store, Other Than A Pharmacy, Sell A Veterinary Prescription Drug To The General Public?
¶ 20 You next ask whether a store, other than a pharmacy, may sell a veterinary prescription drug to the general public. It is our understanding that certain feed stores and wholesale veterinary drug outlets (neither of which are licensed retail pharmacies) sell veterinary prescription drugs directly to the public either with or without a veterinarian's prescription.
¶ 21 The Pharmacy Act provides that it is unlawful for any person to sell at retail or wholesale dangerous drugs "without first procuring a license from the [Pharmacy] Board." See 59O.S. Supp. 2000, § 353.18[59-353.18](A). The Pharmacy Board rules further provide that no prescription for a dangerous drug may be filled or refilled without the authorization of a licensed practitioner. OAC 535:15-3-11(a) (1996). The Pharmacy Act prohibits a pharmacy wholesaler from selling prescription drugs directly to a patient.59 O.S. Supp. 2000, § 353.1[59-353.1](15); OAC 535:20-7-1 — 20-7-9 (1996). A "wholesaler" or "distributor" is defined by the Pharmacy Act as follows:
 [A] person engaged in the business of distributing dangerous drugs or medicines at wholesale to pharmacies, hospitals, practitioners, government agencies, or other lawful drug outlets permitted to sell or use drugs or medicines[.]
59 O.S. Supp. 2000, § 353.1[59-353.1](15).
¶ 22 The Pharmacy Act also provides that it is "unlawful for any person, other than a registered pharmacist or assistant pharmacist, to certify the finished prescription, . . . before delivery to the patient." Id. § 353.13(A).[3] It is also unlawful for any person or entity to "[e]nter into any arrangement whereby prescription orders are received, or prescriptions delivered at a place other than the pharmacy in which they are compounded and dispensed." Id. § 353.24(4).
¶ 23 As stated above, the Pharmacy Act provides that only a licensed practitioner may dispense dangerous drugs to his/her patients and that only a licensed pharmacy may sell or accept prescriptions for dangerous drugs. See 59 O.S. Supp. 2000, §§355.1[59-355.1](A), 353.24(4), 353.18(A). Therefore, only a retail pharmacy or a veterinarian may sell, or dispense, directly to the public veterinary prescription drugs which fall within the Pharmacy Act's definitions of "dangerous drug," "legend drug"
or "prescription drug."
¶ 24 The Veterinary Board rules, however, indicate an intent that a drug wholesaler is authorized to fill a prescription and dispense a veterinary prescription drug. OAC 775:25-1-3(d) (2000). OAC 775:25-1-3(a), (c) and (d) describe the manner in which controlled dangerous substances and veterinary prescription drugs may be dispensed. Such drugs may be dispensed only on "order" or "written order" of a veterinarian and only when an existing veterinary-client-patient relationship exists. Id. The rules further provide that such drugs for use in food or for administration to a food or commercial animal may be shipped directly from the wholesaler to the client provided certain labeling conditions are met. See OAC 775:25-1-3(d) (2000). To the extent this rule conflicts with statutory provisions, it is invalid. See Okla. Alcoholic Beverage Control Bd. v. Moss,509 P.2d 666, 667-68 (Okla. 1973); Marley v. Cannon,618 P.2d 401, 405 (Okla. 1980); In re State Bd. of Med. Exam'rs,206 P.2d 211, 215 (Okla. 1949).[4]
 IV. Veterinarian Consultant
¶ 25 Your last question asks whether a veterinarian, who consults with a wholesaler, may issue prescriptions for drugs sold by the wholesaler. There is no Oklahoma law which prohibits a veterinarian from consulting with a veterinary drug wholesaler. Likewise, provided a valid veterinary-client-patient relationship exists, there is no Oklahoma law which prohibits a consultant veterinarian from issuing a prescription for or dispensing a veterinary prescription drug, regardless of the relationship between the consultant and the wholesaler. As discussed earlier, however, a wholesaler may not sell a drug directly to a client.See 59 O.S. Supp. 2000, §§ 355.1[59-355.1](A), 353.18(A). Moreover, once a prescription is written by a practitioner, the prescription "is the property of the patient for whom it is prescribed" and the prescription may be filled by the veterinarian that wrote the prescription or by a pharmacy of the client's choice. Id. § 354(A), (C).
¶ 26 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Only a pharmacist or veterinarian may lawfully fill anddispense a prescription, or an order, for a veterinaryprescription drug which falls within the Pharmacy Act'sdefinitions of " dangerous drug," "legend drug" or"prescription drug." 59 O.S. Supp. 2000, §§ 355, 355.1(A),353.18(A); OAC 535:15-3-11(a).
 2. If a veterinarian dispenses prescription drugs, properdispensing records must be kept and the drugs must be labeled inaccordance with State and federal law. OAC 775:25-1-2;775:25-1-3(a) (2000).
 3. A "drug order" or "written order" involving a dangerousdrug is a prescription. 59 O.S. Supp. 2000, §§ 353.1(7),(16).
 4. Neither a drug wholesaler nor a feed or farm store isauthorized to sell a veterinary prescription drug directly to thepublic. 59 O.S. Supp. 2000, §§ 353.1(15), 355.1(A),353.24(4); OAC 535:20-7-1 — 20-7-9 (1996).
 5. A veterinarian that consults with a wholesaler is free towrite prescriptions for drugs sold by the wholesaler but thewholesaler may not sell the drugs directly to the client. 59O.S. §§ 353.1(15), 355.1(A), 353.24(4); OAC 535:20-7-1 — 20-7-9(1996).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT — SMITH ASSISTANT ATTORNEY GENERAL
[1] Much of the language used in the Veterinary Practice Act's definition of "veterinary prescription drug" and the Pharmacy Act's Section 355 definition of "dangerous drugs" is identical.
[2] Federal law, at 21 U.S.C. § 353(f)(1)(A), provides that a veterinary prescription drug is "[a] drug intended for use by animals other than man, . . . which (i) because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary for its use, is not safe for animal use except under the professional supervision of a licensed veterinarian, . . . shall be dispensed only by or upon the lawful written or oral order of a licensed veterinarian in the course of the veterinarian's professional practice." Id.
[3] The Pharmacy Act also authorizes a licensed practitioner to dispense to his patient. 59 O.S. Supp. 2000, § 355.1[59-355.1](A).
[4] A wholesale pharmacy is not licensed to sell drugs directly to the public. 59 O.S. Supp. 2000, § 353.1[59-353.1](15); OAC 535:20-7-1
— 20-7-9 (1996).